Erik J. Stone, Bar #027805
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-7309
Fax: (602) 200-7875
estone@jshfirm.com

Attorneys for Defendant Morris Hall, PLLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Graylock,<br><br>  Plaintiff,<br><br>v.<br><br>Morris Hall Enterprises, PLLC,<br><br>  Defendant. | No. 2:24-cv-03432-ASB<br><br>**ANSWER** |

Defendant Morris Hall, PLLC[1] ("Defendant"), for its Answer to Plaintiff's Complaint (the "Complaint"), admits, denies, and alleges as follows. Defendant denies each and every allegation contained in the Complaint and each claim for relief which is not expressly admitted or otherwise pled to in this Answer.

## **INTRODUCTION**

1. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies them.

---

[1] Plaintiff's Complaint names the incorrect corporate entity, but Defendant anticipates the Parties will work to correct this mistake. The correct entity is Morris Hall, PLLC. For purposes of this Answer, Defendant responds to the Complaint as if Plaintiff had named the correct entity, Morris Hall, PLLC.

118027583.1

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies them.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. In responding to Paragraph 7 of the Complaint, Defendant admits that jurisdiction is appropriate but denies Plaintiff's claims.

8. In responding to Paragraph 8 of the Complaint, Defendant admits that jurisdiction is appropriate but denies Plaintiff's claims.

9. In responding to Paragraph 9 of the Complaint, Defendant admits that venue is appropriate but denies Plaintiff's claims.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies them.

11. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies them.

118027583.1

|   |   |
|---|---|
| 1 | 13. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies them. |

13. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies them.

14. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies them.

15. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies them.

16. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies them.

17. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore denies them.

**B.     Defendant's Infringing Activity**

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. In answering Paragraph 20 of the Complaint, Defendant admits only that its social media accounts are used, in part, to advance Defendant's commercial enterprise. However, Defendant also used its social media accounts to provide educational, instructive, and informative material to followers – without any expectation for commercial gain.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore denies them.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. In answering Paragraph 29 of the Complaint, Defendant admits only that it maintains control over the content posted to its social media accounts but denies the remaining claims.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. In answering Paragraph 33 of the Complaint, Defendant admits only that it maintains control over its social media accounts but denies the remaining claims.

34. In answering Paragraph 34 of the Complaint, Defendant admits only that it monitors its social media accounts but denies the remaining claims.

118027583.1

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. In answering Paragraph 38 of the Complaint, Defendant admits only that it maintains control over its social media accounts but denies the remaining claims.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

## FIRST COUNT

### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

41. In answering Paragraph 41 of the Complaint, Defendant incorporates all of its responses in this Answer as if fully set forth in this Response.

42. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and therefore denies them.

43. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies them.

44. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore denies them.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

118027583.1

|   |   |
|---|---|
| 46. | Defendant denies the allegations contained in Paragraph 46 of the Complaint. |
| 47. | Defendant denies the allegations contained in Paragraph 47 of the Complaint. |
| 48. | Defendant denies the allegations contained in Paragraph 48 of the Complaint. |
| 49. | Defendant denies the allegations contained in Paragraph 49 of the Complaint. |
| 50. | Defendant denies the allegations contained in Paragraph 50 of the Complaint. |

## JURY DEMAND

Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

1. As and for a separate defense and in the alternative, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

2. As and for a separate defense and in the alternative, Defendant alleges that Plaintiff has failed to mitigate its damages, thus barring or reducing the recovery against Defendant.

3. As and for a separate defense and in the alternative, Defendant alleges that its use of the subject photograph is covered by the doctrine of fair use, or was otherwise for a transformative use.

4. Although Defendant does not presently have specific facts in support of the remaining defenses, it wishes to put counsel for Plaintiff upon notice that it raises the following defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, arbitration and award, discharge in bankruptcy, duress, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment,

118027583.1

1 release, res judicata, statute of frauds, statute of limitations, insufficiency of process and
2 insufficiency of service of process, and waiver.
3    WHEREFORE, having fully answered Plaintiff's Complaint, Defendant
4 requests that judgment be entered in its favor as follows:
5    1.   Dismissing Plaintiff's Complaint with prejudice;
6    2.   Awarding Defendant its taxable costs;
7    3.   Awarding Defendant its attorney fees and costs as provided by law;
8 and
9    4.   Awarding Defendant such other and further relief as the Court finds
10 just.

13    DATED this 3rd day of February, 2025.

         JONES, SKELTON & HOCHULI, P.L.C.


         By /s/ Erik J. Stone
            Erik J. Stone
            40 N. Central Avenue, Suite 2700
            Phoenix, Arizona 85004
            Attorneys for Defendant Morris Hall,
            PLLC

118027583.1

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 3rd day of February, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Jacqueline Mandell
Sanders Law Group
333 Earle Ovington Blvd., Suite 402
Uniondale, New York 11553
Attorneys for Plaintiff Jennifer Graylock

/s/ Erik J. Stone

118027583.1